**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4969**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

CARLITO HARRIS CARTER,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:00-cr-00194-1)

_____

Submitted:  October 4, 2010         Decided:  October 14, 2010

_____

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court revoked Carlito Harris Carter's supervised release and sentenced him to a term of one month in prison and forty-seven months less one day of supervised release. On appeal, Carter challenges his sentence.[1] Because the district court did not abuse its discretion, we affirm.

Carter contends that the district court imposed an illegal sentence because, under the terms of 18 U.S.C. § 3583 applicable at the time of his underlying offense, he could only be sentenced to a total of three years in prison for all violations of his supervised release stemming from the same underlying offense. He claims that he had already served that time, and could not be sentenced to a further term of supervised release. Carter is correct that under § 3583(e)(3), he could only be sentenced to an aggregate of three years of incarceration, and that under § 3583(h), the district court may not impose further supervised release if he had served the maximum under § 3583(e)(3). He is incorrect, though, to assert that the district court should have considered his time served in state custody on pending (and later dismissed) state charges when determining whether he had already served the maximum

---

[1] Carter completed the term of imprisonment prior to the completion of appellate briefing; his challenge thus relates only to the imposition of supervised release.

2

sentence for violating his supervised release. The decision whether that time should be calculated toward his federal sentence is one for the Attorney General and the Bureau of Prisons, and not the district court.[2] See United States v. Wilson, 503 U.S. 329, 332 (1992). Indeed, because the district court was not authorized to credit time Carter served in state custody, counting that time toward the § 3583(e)(3) maximum would have been error.

We therefore affirm Carter's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] If the Bureau of Prisons does determine that Carter is entitled to credit for his time spent in state custody, the proper remedy would likely be a motion pursuant to 18 U.S.C.A. § 2255. We express no opinion on the merits of such a motion.